UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTHONY BRIAN MALLGREN,

        Plaintiff,

    v.

MICHAEL RUBENS BLOOMBERG and
BLOOMBERG L.P.,

        Defendants.

------------------------------------------------------------X

**MEMORANDUM & ORDER**
13-CV-1466 (MKB)

MARGO K. BRODIE, United States District Judge:

On March 19, 2013, Plaintiff Anthony Brian Mallgren filed the above-captioned *pro se* action against Defendants Michael Rubens Bloomberg and Bloomberg L.P., alleging that Bloomberg has not fulfilled his duties as Mayor of New York City. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Complaint is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including limitations on filing.

### I. Background

The Complaint includes thirteen paragraphs of alleged facts about the financial holdings and political actions of Michael Bloomberg, who is named as a defendant. (Complaint, "Statement of Claim," ¶¶ 1–13.) Bloomberg L.P. is also named, although no allegations are included against that entity. In the "Injury" section, Plaintiff alleges that his studies of civic duty, finance theory, and "perception management theory" caused him to suffer "damages in the

form of severe emotional distress and mental anxiety." (Complaint, "Injury," ¶¶ 1–3.) The Complaint suggests that these injuries were caused in part by Defendant Michael Bloomberg's "transgressions of these ethical principles," "blatant and bold exploitation of the financial markets for profit," and the "implementation of self-consuming value negation practices and perspectives seeded from a partial monetary motivation." (*Id.*) Plaintiff further alleges that he "suffered damages to his reputation due to Michael Bloomberg's failure to adhere to his duties." (*Id.*) Finally, he alleges that he "also underwent multiple injuries by New York City officials, officers and agents . . . , some of which Mallgren believes that Bloomberg and Bloomberg L.P. are accountable for." (*Id.*) Plaintiff seeks unspecified damages.

Plaintiff has filed six civil actions in this Court between January 23, 2013 and March 16, 2013. The first action, *Mallgren v. Louis Vuitton North America, Inc. et al.*, No. 13 Civ. 416, was transferred to the United States District Court for the Central District of California, which court dismissed the case. No. 13 Civ. 706, slip op. (C.D.Cal. Feb. 12, 2013) (denying leave to file without the prepayment of fees pursuant to 28 U.S.C. § 1915(e)(2)(B)). Plaintiff's second action was dismissed in part, and Plaintiff was granted leave to amend his claim for false arrest related to prior incidents in New York City. *Mallgren v. New York City*, No. 13 Civ. 724, 2013 WL 816236 (E.D.N.Y. March 4, 2013). Plaintiff did not file an amended complaint. Instead, Plaintiff filed a notice of appeal to the Court of Appeals for the Second Circuit, where the appeal remains pending. Two other subsequent actions are also now dismissed by this Court, and another remains pending. *See Mallgren v. John Doe Corporation*, No. 13 Civ. 1265 (dismissed as frivolous and for failure to state a claim); *Mallgren v. Motion Recruitment Partners Inc., et al.*, No. 13 Civ. 1054 (dismissed for lack of subject matter jurisdiction); *Mallgren v.*

*Metropolitan Transportation Authority*, No. 13 Civ. 986 (pending).

Plaintiff has also filed multiple actions in the United States District Court for the Southern District of New York. *See Mallgren v. New York State Supreme Court*, No. 12 Civ. 7240, slip op. (S.D.N.Y. Nov. 13, 2012) (dismissed for lack of subject matter jurisdiction, for failure to state a claim upon which relief may be granted, and because the defendant is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Mallgren v. New York State Supreme Court, et al.*, No. 12 Civ. 7404, 2013 WL 586857 (S.D.N.Y. Feb. 11, 2013) (dismissed for failure to comply with filing requirements); *Mallgren v. Intellectual Ventures*, No. 12 Civ. 7447, slip op. (S.D.N.Y. Nov. 7, 2012) (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Mallgren v. Microsoft, et al.*, No. 12 Civ. 7517 (S.D.N.Y.) (pending); *Mallgren v. New York Hospital*, No. 13 Civ. 1763 (pending).

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the

court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an IFP action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Failure to State a Claim

Plaintiff's Complaint is frivolous and fails to state a claim. The only factual allegations involve New York City Mayor Michael Bloomberg's past financial activities and acts as Mayor. None of the allegations appear to have specific relevance to Plaintiff. Plaintiff claims that Mayor Bloomberg has "spent over one hundred and eight million dollars ($108,000,000) for a campaign for a single term," that his "wealth increased . . . during a period of economic downturn," and that he "successfully proposed and advocated for . . . a third term." (Statement of Injury, ¶¶ 1–6.) Plaintiff also claims that Mayor Bloomberg maintained an inappropriate connection with for-profit organizations because he "indirectly accepted an incentive or gift . . . for performance of his official duties," he "held a direct interest in a business, . . . which represent[s] a conflict of interest," and that his activities with regard to Bloomberg L.P. conflicted with his mayoral duties. (*Id.* at 7–13.) Plaintiff's conclusory allegations that he was personally harmed by alleged ethical transgressions involving these financial and political activities fails to state a claim against the Mayor. No claims are advanced against Bloomberg L.P. Plaintiff alleges that he was injured by New York City officials, but he does not specify any injuries nor name the City of New York nor any other individual defendant. Accordingly, the Court finds that the Complaint is frivolous and fails to state a claim on which relief may be granted and must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### c. Frequent Frivolous Litigation

Of the six cases Plaintiff has filed in this Court between January 23, 2013 and March 16, 2013, three have now been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) or for lack of subject matter jurisdiction. The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). Plaintiff is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); *see also Amaker v. Haponik*, 125 F. App'x 375, 376 (2d Cir. 2005) (warning plaintiff that "filing of frivolous appeals . . . may result in the imposition of leave-to-file sanctions," as "[s]uch a measure is appropriately applied to those litigants who have a 'clear pattern of abusing the litigation process by filing vexatious and frivolous complaints'" (quoting *In re Sassower*, 20 F.3d at 44)); *In re Knows*, No. 12 Civ. 1908, 2012 WL 2923317, at *2 (E.D.N.Y. July 18, 2012) (putting plaintiff "on notice that any future filing of vexatious or frivolous complaints with the court may lead the court to impose an injunction prohibiting her

from filing a complaint without the court's prior authorization" (citing *In re Sassower*, 20 F.3d at 44)).

## III. Conclusion

The allegations contained in the Complaint are frivolous and fail to state a claim on which relief may be granted. Accordingly, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Margo K. Brodie
_____
MARGO K. BRODIE
United States District Judge

Dated: Brooklyn, New York
       May 2, 2013